UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:19-cr-00240-JPH-MJD |
| | ) | | |
| CHRISTOPHER KLINE, JR., | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

On July 3, 2024, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 20, 2024. [Dkt. 65.] Defendant Kline appeared in person with his appointed counsel Joseph Cleary. The government appeared by Patrick Gibson, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Chad Ulmer.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Kline of his rights and ensured he had a copy of the Petition. Defendant Kline orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Kline admitted Violation No. 2 as set forth in the Petition. [Dkt. 65.] Government orally moved to withdraw the remaining violation, which motion was granted by the Court. Violation No. 1 was dismissed.

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."** |
| | On March 26, 2024, Mr. Kline was directed to contact Integrated Wellness, LLC, in Crawfordsville, Indiana, for a substance abuse assessment and complete the recommended treatment program. Mr. Kline canceled his substance abuse assessment appointments on May 7, and June 11, 2024. Therefore, not participating in the approved substance abuse program. Additionally, he enrolled in peer recovery coaching and attended sessions on April 16, May 14, and June 4, 2024. On June 4, 2024, he told the peer recover coach he did not want to continue with substance abuse therapy. |

4. The Court finds that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

5. The parties jointly recommended a sentence of 15 months incarceration, with no supervised release to follow. Defendant requested placement at an appropriate facility as close to Crawfordsville, Indiana as possible.

6. The recommended sentence of 15 months represents an upward departure from the 6 to 12 months' range of imprisonment set forth in the Sentencing Guidelines. The parties were in agreement that the upward departure was justified in light of the dismissal of Violation No. 1, which involves currently pending State felony criminal charges, as that violation was a Grade B violation with a guideline range of imprisonment of 12 to 18 months. The parties were also in agreement that the upward departure was justified in light of the government's agreement

to refrain from seeking to impose any further period of supervised release, and because Defendant's current violations occurred less than three weeks after Defendant's last revocation hearing. [Dkt. 62.]

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in Violation No. 2 of the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of 15 months, with no supervised release to follow. The Magistrate Judge further recommends Defendant's placement at an appropriate facility as close to Crawfordsville, Indiana as possible. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties on the record waived the fourteen-day period to object to this Report and Recommendation.

Dated: 8 JUL 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system